UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONNA BRADLEY o/b/o C.B.,

                Plaintiff,

    -vs-                         **No. 1:14-CV-01072 (MAT)**
                                      **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I.  Introduction

Represented by counsel, plaintiff Donna Bradley ("plaintiff") brings this action on behalf of her minor child, C.B., pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**II. Procedural History**

Plaintiff protectively filed an application for SSI on behalf of C.B. on March 8, 2011, which was denied. Administrative Transcript ("T.") 95-102, 141-47. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") William M. Weir on October 22, 2012. T. 39-91. In a decision dated March 29, 2013, the ALJ found that C.B. was not disabled as defined in the Act and denied plaintiff's claim. T. 16-38. On October 29, 2014, the Appeals Council issued an order denying plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final determination. T. 1-6. Plaintiff subsequently filed this action.

**III. The ALJ's Decision**

In considering plaintiff's claim, the ALJ applied the three-step sequential evaluation for evaluating child disability claims. *See* 20 C.F.R. § 416.924. At step one, the ALJ determined that C.B. had not engaged in substantial gainful activity since March 8, 2011, the date of her application. T. 22. At step two, the ALJ found that C.B. suffered from the severe impairment of attention deficit hyperactivity disorder ("ADHD") and non-severe impairments of asthma and two prior seizure episodes. *Id.* At step three, the ALJ found that C.B.'s impairments did not meet or medically equal any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 23. The ALJ further found that C.B.'s impairments were not

2

functionally equivalent to a listed impairment. T. 23-24. Specifically, the ALJ determined that C.B. had less than marked limitations in the domains of Acquiring and Using Information, Attending and Completing Tasks, and Interacting and Relating with Others, and no limitations in the domains of Moving About and Manipulating Objects, Caring for Yourself, and Health and Physical Well-Bering. T. 23-34. The ALJ therefore concluded that C.B. was not disabled within the meaning of the Act. T. 34.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A. Failure to Consider Medically Determinable Impairments**

Plaintiff first argues that the ALJ improperly failed to evaluate the severity of C.B.'s medically determinable impairments of oppositional defiant disorder ("ODD"), anxiety, enuresis, and encopresis. The Court agrees.

The relevant regulations require an ALJ to consider all impairments about which he "receive[s] evidence." 20 C.F.R.

§ 404.1512(a)(1); *see also Rockwood v. Astrue*, 614 F. Supp. 2d 252, 275 (N.D.N.Y. 2009) ("the regulations specifically require an ALJ to consider impairments a claimant says she has or those about which he receives evidence" ) (internal quotation marks and brackets omitted). A "complete failure" to consider a medically determinable impairment at step two constitutes a failure to apply the appropriate legal standards. *Fuimo v. Colvin*, 948 F. Supp. 2d 260, 270 (N.D.N.Y. 2013).

Here, the medical evidence of record shows that psychiatrist Dr. Seth Dewey diagnosed C.B. with anxiety, ODD, and enuresis (T. 264, 293, 383) and that psychiatrist Dr. Jennifer Scarozza diagnosed C.B with anxiety, ODD, enuresis, and encopresis (T. 399). Moreover, state agency review pediatrician Dr. J. Meyer assessed C.B. with anxiety and ODD. T. 319. The ALJ was therefore indisputably aware that these impairments needed to be assessed as part of the disability determination. Nevertheless, the ALJ failed to discuss these impairments at all at step two, resulting in clear legal error. *See Alberalla v. Colvin*, 2014 WL 4199689, at *14 (W.D.N.Y. Aug. 22, 2014), *report and recommendation adopted*, 2014 WL 5361950 (W.D.N.Y. Oct. 21, 2014) (failure at step two to evaluate severity of a diagnosed impairment constitutes legal error).

The Court rejects Defendant's argument that this legal error was harmless. "[A]n ALJ's Step 2 determination as to the severity

of certain conditions can amount to harmless error, but not when an ALJ fails to address a condition in its entirety." *Ashley v. Comm'r of Soc. Sec.*, 2014 WL 7409594, at *4 (N.D.N.Y. Dec. 30, 2014). This Court cannot determine, as a matter of law, that a proper consideration of C.B.'s additional medically determinable impairments would have had no effect on the analysis of her limitations. In particular, the Court notes that C.B.'s diagnoses of ODD and anxiety were clearly relevant to her ability to interact with and relate with others, and that her diagnoses of enuresis and encopresis were clearly relevant to her ability to care for herself. Accordingly, remand is required.

    **B.    Failure to Consider C.B.'s Updated IEP**

Plaintiff also argues that the ALJ erred in failing to consider C.B.'s updated individualized education program ("IEP") dated March 8, 2013. Again, the Court agrees. An IEP is a critical piece of evidence regarding a child's functional capabilities, and the failure to address it is error. *See, e.g., Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 147 (N.D.N.Y. 2012) (finding ALJ's determination was not supported by substantial evidence where ALJ ignored child's most recent IEP). On remand, the ALJ is instructed to consider the March 8, 2013 IEP in assessing whether C.B. is disabled.

### C. Credibility Assessment

Plaintiff's final argument is that the ALJ's credibility assessments of C.B. and her mother were flawed. Having already determined that remand is required, the Court need not and does not reach this argument. On remand, the ALJ should, of course, consider C.B. and her mother's credibility in light of the record as a whole.

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Docket No. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**
                                              HON. MICHAEL A. TELESCA
                                              United States District Judge

Dated:    August 4, 2017
            Rochester, New York.